SOPHIA WANELIK *vs.* FRANKLIN AUTO SUPPLY
COMPANY, INC.

JANUARY 10, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of the case for malicious prosecution. The case was tried before a justice of the superior court sitting with a jury and resulted in a verdict for the plaintiff. It is here on defendant's exceptions to certain rulings of the trial justice made during the trial and to his denial of its motion for a new trial.

The action arises out of the wrongful issue and service of a writ of attachment against the plaintiff by means of which an automobile owned by her was seized and, while in custody, was seriously damaged. The writ of attachment was issued in the name of Franklin Auto Supply Co., Inc., as plaintiff, against Felix Wanelik and Sophia Wanelik, as defendants, on the affidavit of George W. Bennett, as attorney for the plaintiff. That writ was not entered in court and the attached automobile was surrendered to Sophia Wanelik upon the demand of her attorney.

At the trial in the superior court, the defendant did not contend that it had a just claim against Sophia Wanelik, upon which to warrant the attachment of her property, but it defended the instant suit for malicious prosecution on the ground that it had never retained Bennett as its attorney. It contended further in its defense that it had placed in the hands of one Nat E. Dunder for collection a claim,

which it had against Felix Wanelik only, but that it had not authorized Dunder to sue or to retain an attorney in collecting such claim.

On issues submitted to the jury for special findings, at the request of the defendant, they found that Dunder was the collecting agent of the defendant on April 21, 1936, the date on which the plaintiff's automobile was attached; that Bennett, on that date, was defendant's agent and attorney and not the attorney and agent of Dunder; that Dunder was authorized to retain an attorney in collecting the claim against Felix Wanelik; that Dunder received from the defendant a claim for collection against Sophia Wanelik, the plaintiff in this case; that he had authority to engage and authorize Bennett to issue a writ of attachment against her on said claim; and that Bennett was authorized to start suit against her and attach her automobile.

If these special findings are supported by the evidence, there is no question of the correctness of the general verdict. However, the defendant contends that there is no evidence in proof of the agency of Dunder, either to bring suit or to retain an attorney, and that, on the evidence in the record, Dunder was an independent contractor whose acts, in collecting the debt placed in his hands, were not chargeable to it, the defendant. It further contends that there is no evidence that it placed in Dunder's hands a claim against the plaintiff, Sophia Wanelik, but that the evidence shows its claim was against Felix Wanelik only. In other words,. the defendant says that the prosecution of the writ against Sophia Wanelik, the plaintiff, and the attaching of her property was not its act but that of Dunder, for which it is not responsible.

On this theory the defendant moved in the superior court, at the conclusion of the evidence, for a directed verdict in its favor. The motion was denied and the defend-

ant excepted to such denial. This is the second exception in defendant's bill of exceptions. In support of this exception, defendant argues that there is no competent evidence tending to prove that Bennett was authorized by it to collect a claim against Sophia Wanelik and to act as its attorney to issue a writ of attachment of her property.

There was admitted in evidence the copy of the original writ of attachment which was served upon Sophia Wanelik by the sheriff when her automobile was attached, and this copy had indorsed on it an affidavit to the effect that Franklin Auto Supply Co., Inc. had a just claim against Felix Wanelik and Sophia Wanelik. This affidavit was signed by Bennett as attorney for said Franklin Auto Supply Co., Inc. Defendant denies that this evidence is either admissible or competent to show that Bennett was authorized to act for it, and cites *Geremia* v. *Targlianetti*, 45 R. I. 197, wherein this court stated that: "The rule is general and well settled that the declarations of a person assuming to act as agent for another are not admissible and are not competent to prove the fact of agency."

Following the citation of that case in its brief defendant continues to argue as follows: "In the absence of any evidence that the defendant expressly hired an attorney for collection, the employment of an attorney by Mr. Dunder, the collection agent, was not employment by the defendant, but employment by Mr. Dunder, the collection agent; the hiring or employment of an attorney by a collection agency, to aid or assist it in collecting a claim is its employment because it is then acting as an independent contractor and there is no implied authority to retain an attorney in behalf of the person turning over the claim to the collection agency." For this statement, defendant cites as authority *McCarthy* v. *Hughes,* 36 R. I. 66, and several authorities outside this state.

In the *McCarthy* case this court said that, in the absence of a special contract limiting its liability, a collection agency "is an independent contractor, and is liable to those whom it employs in the business of making collections." In that case a constable had brought suit against the collection agent for his fees in serving writs for the agent, who sought to avoid personal liability for such fees on the ground that the constable was aware of the agent's principal whose name appeared on each writ and that, therefore, the collection agent's principal being disclosed, it was the principal's liability and not the agent's. On the facts before it the court held otherwise, citing several authorities for its view.

The facts in evidence in the instant case, however, do not, in our opinion, call for the application of the principles above enunciated. In the first place, the copy of the writ of attachment, purporting on its face to have been made out to enforce collection of a claim, which the defendant had admittedly placed in the hands of Dunder for collection, was admitted in evidence at the trial without objection and without any limitation as to its scope. It was, therefore, in the case at the conclusion of the evidence and was before the trial justice for his consideration with other circumstances in passing upon the defendant's motion for a directed verdict.

There was also some evidence from the defendant itself, though not very much, from which an inference could reasonably be drawn that the defendant had authorized the collection agent to enforce the collection of this claim against the Waneliks and not merely against Felix Wanelik. At least Dunder did not deny that he had been given the claim to collect from Sophia as well as from Felix Wanelik. And the testimony of Bennett is undisputed that Dunder instructed him to make out a writ of attachment against both of them. In passing upon the motion for a directed verdict, the trial justice was bound to consider all the evi-

dence which was before the jury and draw therefrom all reasonable inferences most favorable to the plaintiff.

In the second place, on April 21, 1936, the date the writ of attachment issued, it was unlawful for Dunder to act as a collection agency and contract independently for legal assistance in the collection of claims by either adjustment or suit. P. L. 1935, chap. 2190, sec. 45. (G. L. 1938 C. 612, § 43) The only way in which he could legally act thereafter was as the servant or agent of the Franklin Auto Supply Co., Inc. There is no evidence that this claim was placed in Dunder's hands for collection before that chapter became effective. In the circumstances, it was a fact to be considered and from which an inference could reasonably be drawn that Dunder was not acting as an independent contractor on April 21, 1936, but was the agent of the defendant in collecting this claim.

In view of the undisputed evidence that the defendant had placed this claim with Dunder to collect without limiting instructions; that Dunder had turned it over to Bennett with instructions to attach; that Bennett had made out the writ of attachment against both Waneliks and had made the requisite affidavit as attorney for the defendant; that Dunder did not claim he had purchased this account but rather that he was acting as agent for the defendant and, in view of the evidence as to whether this claim was given to him to collect only against Felix Wanelik or against both him and Sophia Wanelik, it became a question of fact for the jury to determine whether or not Dunder acted within the apparent scope of his employment in procuring the professional assistance of Bennett in attaching Sophia Wanelik's property.

On a motion of this kind, as indicated above and as is well known, it is the duty of the trial justice to view the evidence in the light most favorable to the party opposing the motion and to resolve all the reasonable

inferences from the evidence in favor of such party. *James* v. *R. I. Auditorium, Inc.,* 60 R. I. 405. The trial justice correctly decided defendant's motion, and its second exception is therefore overruled.

Defendant's third exception is to that portion of the trial justice's charge to the jury, wherein he instructed them that they could award exemplary damages against the defendant. The contention of the defendant is that "The trial justice committed reversible error in charging that the jury could award exemplary or punitive damages inasmuch as there was no evidence from which any malice could be inferred." We are of the opinion that there is such evidence. Defendant's third exception is accordingly overruled. .

The defendant's fourth exception is to the denial of its motion for a new trial unconditionally. The motion was based on the usual grounds, that the verdict was against the law, against the evidence, against the law and the evidence and the weight thereof, and that the damages were excessive. As to the last ground, the trial justice found for the defendant and ordered a new trial, unless the plaintiff would remit all of her verdict in excess of $166. Plaintiff filed such remittitur but defendant nevertheless insisted on its motion on the other grounds and duly excepted to the decision of the trial justice.

In our examination of the record, we have been unable to find that the jury did not follow the law as given to them in the charge of the trial justice. On the contrary, they appear to have followed it intelligently, as appears from their special findings. Incidentally, it may be observed that, excepting only the defendant's objection to that portion of the charge relating punitive damages, which is the subject of defendant's third exception above considered, there is no exception to the law contained in the charge. The trial justice has approved the verdict

of the jury and, inferentially, has therefore also found that they have followed the law as he gave it to them.

The testimony of defendant's witnesses was vague and indefinite on several vital matters peculiarly within their knowledge. The case was one where the opportunity to see and hear the witnesses was particularly advantageous. The trial justice and the jury both had this opportunity and came to the same conclusion. We cannot say from our examination of the evidence that the trial justice's denial of the defendant's motion for a new trial was clearly wrong. Defendant's fourth exception is therefore over-ruled.

The defendant's exceptions one and five are the only other exceptions in its bill of exceptions and, since neither one was briefed or argued, each of these exceptions is deemed to be waived.

All of defendant's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment on the verdict as reduced by the remittitur duly filed by the plaintiff.

*Fergus J. McOsker,* for plaintiff.

*Peter W. McKiernan, Albert L. Rosen,* for defendant.